In the Matter of the Application of DONNER-HANNA COKE CORPORATION, Petitioner, for a Peremptory Mandamus Order against WILLIAM M. EBERHARDT and Others, as and Constituting the Common Council of the City of Buffalo, N. Y., and Others, Respondents.

Supreme Court, Erie County, June 22, 1935.

*Slee, O'Brian, Hellings & Ulsh* [*Dana B. Hellings* of counsel], for the petitioner.

*Gregory U. Harmon, Corporation Counsel* [*Herbert A. Hickman* of counsel], for the respondents.

HARRIS, J. By this proceeding the petitioner seeks a peremptory mandamus order directing the defendants above named, in their official capacity, to audit, allow for payment, to direct payment of, and to pay a certain claim and demand of the petitioner above named for the refunding of certain taxes heretofore paid by the said petitioner to the city of Buffalo, together with interest on various items thereof, and for the payment of various items of costs.

By certain certiorari proceedings reviewing certain assessments made against the petitioner by the said city of Buffalo, it has been held that the amounts of the taxes above referred to were illegally assessed, levied and collected. The taxes in question were for the fiscal years 1931–1932, 1932–1933, 1933–1934, and 1934–1935. By virtue of the result of the certiorari proceedings the petitioner has become entitled to the repayment of these sums of money from the city of Buffalo. The officials above named have power to audit and allow and to cause to be paid such moneys to the petitioner. The certiorari proceedings have been pending in the courts for a number of years and were finally terminated, so far as the first brought proceeding was concerned, by order of the Court of Appeals granted November 27, 1934, and so far as the other proceedings were concerned, by orders of this court granted May 3, 1935. By application dated December 18, 1934, and demand dated May 13, 1935, the petitioner has called upon the city of Buffalo for the payment of these sums. Such payment was not made, and this proceeding for a mandamus order has been brought.

Evidently it is the policy of this State that orders and judgments of the courts directing municipal bodies to make payments of sums of money are not enforcible by execution as is the method in actions

against individuals. (*Darlington* v. *Mayor, etc., of City of New York*, 31 N. Y. 164.)

In reference to the repayment of taxes illegally assessed and levied and which have been paid, the Legislature has set forth the procedure of such repayment in section 296 of the Tax Law of the State. In so far as this statute is applicable to the facts herein involved, it is quoted as follows:

" § 296. Refund of tax paid upon illegal, erroneous or unequal assessment. If in a final order in any such proceeding it has been or shall be ordered or adjudged or determined that the assessment complained of was illegal, erroneous or unequal, and correcting or directing correction thereof, and such order shall not be made in time to enable the assessors or other officers to make a new or corrected assessment for the use of the board of supervisors or for the use of the town, village, city, school or special district officers levying any tax upon such property, the assessment of which has been or shall be so ordered or adjudged or determined to be illegal, erroneous or unequal, then any tax collected or to be collected upon such illegal, erroneous or unequal assessment shall be refunded as follows: * * *

" 2. When a tax, or any part thereof upon such illegal, erroneous or unequal assessment shall have been levied by the proper officers of any city or village, solely for the benefit and purposes of such city or village, then the common council or other auditing officer or officers of such city or village shall immediately after such correction audit and allow, to the petitioner or other person who shall have paid such tax, or the part thereof levied solely for the benefit and purposes of such city or village, and include in the tax levy of such city or village in which the property is situated made next after the entry of such order and cause to be paid to such petitioner or other person paying such tax, or the part thereof levied solely for the benefit and purposes of such city or village, the amount paid by him in excess of what the tax or the part thereof levied solely for the benefit and purposes of such city or village, would have been if the assessment had been as ordered, adjudged or determined by such order of the court, together with interest thereon from the date of the payment. * * *

"Application to the proper officer for the audit and allowance of such moneys must be made by the petitioner or other person paying such tax within three years after the entry of the final order ordering or adjudging or determining such assessment to have been illegal, erroneous or unequal; provided that the time of the pendency of any appeal in any such proceeding or from any such order shall not be deemed any part of such three years."

The petitioner herein contends that the provisions of such section 296 as quoted require that the court grant a peremptory mandamus order directing immediate audit, allowance and payment. The court cannot agree in full with this contention of the petitioner. There can be no doubt that the petitioner is entitled to the relief of a peremptory mandamus order directing the respondents herein to audit and allow the claim of the petitioner. In reference to the payment of such claim, the respondents contend that such repayment is to be made out of the proceeds of the levy referred to in such section 296 as follows: " and include in the tax levy * * * made next after the entry of such order." In other words, the contention of the city is that after the audit and allowance of the claim, then the proper city authorities must include in the budget next made up after such audit and allowance an amount of money sufficient to pay such claim, and that then the claimant has to await the collection of such levy before he is entitled to payment. Moneys raised for municipal purposes by the city of Buffalo come largely from assessment and taxation and are determined by the preparation of a budget which under the charter of the city of Buffalo must be fixed and adopted on or before the first day of May in each year to cover the expenses of the fiscal year beginning the first day of July of the year following adoption of such budget. The time for the fixing and adoption of the budget for the fiscal year beginning July 1, 1935, has already expired. The amounts therein are necessarily " earmarked " for certain definite purposes and may not be transferred for the purpose of paying the indebtedness for the collection of which this proceeding is brought. In the opinion of the court the construction of section 296 which should be made by the court in disposing of this proceeding is that the city authorities are required to pay or cause to be paid refunded taxes out of the proceeds of a budget in which is included amounts of money to make such repayment. In view of the fact that this proceeding has been brought after the preparation of the budget for the fiscal year beginning July 1, 1935, this court has no power to order the insertion in such budget and the payment from the proceeds of the levy incident to such budget the claim of the petitioner. Such payment must be made from a levy based upon a budget prepared for a fiscal year later than that one beginning July 1, 1935.

The petitioner may have a peremptory mandamus order directing the respondents herein to audit and allow the claim of the petitioner as set forth in the moving papers. If the same is not paid prior to the preparation of the budget for the fiscal year beginning July 1, 1936, then the petitioner would properly be entitled to a man-

damus order requiring the municipal authorities to include such claim as audited and allowed in the budget an'd levy for the fiscal year beginning July 1, 1936.

An order in accordance with the above may be presented for signature.